IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MIGUEL MUNOZ, | Civ. No. 2:21-cv-00186-SU |
|            Plaintiff, | **OPINION & ORDER** |
|   v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
|            Defendant. | |

SULLIVAN, Magistrate Judge.

This disability discrimination case comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. ECF No. 22. For the reasons set forth below, the Motion is GRANTED.[1]

## LEGAL STANDARD

Rule 15(a) provides that courts should "freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, courts should be guided by the "underlying purpose of Rule 15 . . . to facilitate decision on the merits,

---

[1] Although the parties have not consented to magistrate jurisdiction in this case, "[a] motion for leave to amend is a nondispositive motion which a magistrate judgment may property decide." *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir. 2013) (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, the policy favoring amendment should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

Five factors weigh on the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended its complaint. *Nunes*, 375 F.3d at 808 (citation omitted). Prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry and carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal quotation marks and citation omitted). Absent prejudice or a strong showing on any of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

## DISCUSSION

Plaintiff's original Complaint alleged claims for disability discrimination under the ADA and Oregon state law. ECF No. 1. In the proposed First Amended Complaint ("FAC"), ECF No. 22-1, Plaintiff seeks to add a claim for racial discrimination under 42 U.S.C. § 1981 and additional facts to support that claim. FAC ¶¶ 20-21, 52-56. Defendant contends the motion should be denied because the proposed amendment is futile.[2]

Futility alone is enough to deny a motion for leave to amend. *Nunes*, 375 F.3d at 808. "However, a proposed amendment is only futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Torch v. Windsor Surry Co.*, Case No. 3:17-cv-00918-AA, 2017 WL 4833438, *2 (D. Or. Oct. 24, 2017) (internal quotation marks and citation omitted). "Additionally, a proposed amendment is futile if it is 'either

---

[2] Defendant does not challenge the proposed amendment on any other basis.

duplicative of existing claims or patently frivolous, or both.'" *Id.* (quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). The party opposing the amended complaint bears the burden of showing futility. *Id.*

In this case, the proposed amendments concern the addition of a claim for racial discrimination under § 1981, which provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

In *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, ___U.S.___, 140 S. Ct. 1009 (2020), the Supreme Court clarified that to prevail on a claim under § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Id.* at 1019.

Defendant argues that Plaintiff has failed to plead "but-for" causation because, in addition to alleging racial discrimination, Plaintiff has alleged that he was discriminated against on the basis of disability.

As a preliminary matter, the proposed FAC alleges that "Union Pacific discriminated against Munoz *because of* his race, ethnicity, or ancestry when it removed Munoz from his job and refused to allow him to return to it." FAC ¶ 54 (emphasis added). As the Supreme Court observed in *Comcast*, the use of the term "because of" is "often associated with but-for causation." *Comcast*, 140 S. Ct. at 1016. The Court therefore concludes that Plaintiff has, at least facially, pleaded but-for causation in his § 1981 claim.

As to the issue of Plaintiff's other claims, the Federal Rules of Civil Procedure expressly permit alternative statements of a claim or even inconsistent claims. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); (3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). The Ninth Circuit has forbidden courts from construing one claim as an admission against another claim because "to permit such a construction would undermine the clear intent of the Federal Rules of Civil Procedure, which explicitly authorize litigants to present alternative and inconsistent pleadings." *Molsbergen v. United States*, 757 F.2d 1016, 1018 (9th Cir. 1985). Nor is it entirely clear at this stage that the claims are inconsistent at all because, as the Supreme Court has recently observed, "[o]ften, events have multiple but-for causes." *Bostock v. Clayton Cnty.*, ___U.S.___, 140 S. Ct. 1731, 1739 (2020). The use of the "tradition but-for causation standard means a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision." *Id.*

Defendant points to two recent unpublished cases from the Ninth Circuit, *DeWalt Prods., Inc. v. City of Portland*, 829 F. App'x 226 (9th Cir. 2020), and *Astre v. McQuaid*, 804 F. App'x 665 (9th Cir. 2020), for the proposition that Plaintiff cannot plead multiple inconsistent "but-for" causes of his harm. In *DeWalt*, the Ninth Circuit affirmed a grant of summary judgment because the plaintiffs could not establish a genuine issue of material fact that "but for the fact that the club was Black-owned, the liquor license would not have been suspended." *DeWalt*, 829 F. App'x at 227. In essence, the factual record at summary judgment revealed non-discriminatory reasons for the harm suffered by the plaintiffs. *Id.* Nothing like that has transpired here.

In *Astre*, the plaintiff actually identified independent non-discriminatory reasons (a "lack of community support,") for the alleged harm in her pleadings, which undermined the plausible

inference that the plaintiff's harm was caused by a discriminatory animus. *Astre*, 804 F. App'x at 667.  In the present case, by contrast, Plaintiff has alleged multiple theories of discrimination that are not necessarily inconsistent, as discussed above.  But even if they were inconsistent with one another, the Rules expressly permit such inconsistency at the pleading stage.  *See Molsbergen*, 757 F.2d at 1018.

Defendant also claims that the proposed FAC is futile because it alleges "[u]pon information and belief" that Plaintiff's supervisor took action against him "because of his stated dislike of Mexicans."  FAC ¶ 21.  Defendant acknowledges that "[t]he *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible."  *Covelli v. Avamere Home Health Care LLC*, Case No. 3:19-cv-486-JR, 2021 WL 1147144, at *3 (D. Or. Mar. 25, 2021) (internal quotation marks and citation omitted).  Nevertheless, Defendant contends that the relevant information is not "peculiarly within its possession and control" because the parties have already engaged in at least some discovery.  As Plaintiff points out, however, his claim for racial discrimination under § 1981 will only be added if the Court permits the proposed amendment to go forward and that, in the absence of that claim, he did not have any right to pursue discovery concerning a racial animus behind the actions of Plaintiff's supervisor.  *See, e.g.,* Fed. R. Civ. P. 26(b)(1) (limiting discovery to "nonprivileged matter that is relevant to any party's claim or defense,").

Accordingly, the Court concludes that Plaintiff's proposed amendment is not futile and so the Motion is GRANTED.

## CONCLUSION

Plaintiff's Motion for Leave to Filed First Amended Complaint, ECF No. 22, is GRANTED. Plaintiff shall file his First Amended Complaint within fourteen (14) days of the date of this Order.

It is so ORDERED and DATED this __13th__ day of August 2021.

                                                /s/ Patricia Sullivan
                                                Patricia Sullivan
                                                United States Magistrate Judge